### Louisville Railway Company v. Hartman.

(Decided December 15, 1922.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Street Railroads—Motor Vehicles—Action for Damages.—In the operation of an electric street car upon a public street, it is the

duty of the motorman to keep a lookout for vehicles in front of his car and to keep his car under reasonable control and if he fails to perform these duties and by reason of such failure runs into an automobile traveling in front of him which suddenly reduced its speed, and injures the driver and automobile, the railroad company is liable.

2. Appeal and Error—Harmless Error.—Where the trial court rejects an instruction offered by appellant but gives an instruction in substance the same, the error, if any, is harmless.

3. Damages—Excessive Damages.—A verdict for $775.00 cannot be said to be excessive where the evidence shows that the appellee suffered three broken ribs and a number of bruises on the body and arms and was made nervous and unable to work for several months

PETER, LEE, TABB & KREIGER for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In May, 1920, appellee Frank Hartman, who lives on West Market street in Louisville, was twice injured while riding in his automobile, which collided with an electric street car. The first accident happened on May 15th, and the last one on May 24. For said injuries he brought an action in two paragraphs against the railroad company to recover damages. A trial resulted in a verdict for the defendant company as to the first accident on May 14th, but he recovered a verdict for $775.00 against the company for the second accident, and from the judgment entered upon this last verdict the company appeals. There is no appeal from the judgment entered upon the verdict arising out of the first accident.

On the evening of the 24th of May, appellee, a man weighing about 210 pounds, was driving his automobile west on Market street. When he reached 37th street he passed an electric street car going west. The trolley had stopped at 37th street to take on or let off a passenger and the automobile passed in front of it and drove along on the tracks at the rate of about fifteen miles per hour. The trolley again stopped at 38th street, and the automobile continued west astride the north rail of the track. He lived on the north side of the street between 38th and 39th streets. When he reached his home he observed that two or more cars were parked almost in front of his place and that he would have to go beyond his place in order to park his car. Upon observing the cars parked

in front of his house he rather slowed the speed of his car and pulled to the north side of the street, and just as he was doing this the trolley car struck his automobile from behind and knocked it against another automobile standing in front of his place and pushed the two west until they struck a telephone pole. Of course Mr. Hartman was in his car and this stroke of the trolley knocked him against his steering wheel and the sides of his automobile and bruised and injured him severely. It is his claim he was exercising ordinary care to so operate and manage his car as to avoid coming in collision with other vehicles and persons upon the street, and especially street cars, and that he did not know that the street car had come up close behind him, nor did he hear any gong or other signal of the car indicating its close approach until he was struck, and that the accident was the result solely of the negligence of the motorman having charge of the street car which struck his automobile in failing to have his car under control and to operate it with reasonable care. He produced evidence to sustain his side of the case and which was sufficient to sustain the verdict. On the other hand the railroad company insists that the accident was the result of the negligence or of the contributory negligence of the plaintiff Hartman, for it claims and undertakes to prove that the trolley car was more than a half a block behind the automobile but that the automobile suddenly and unexpectedly to the motorman in charge of the trolley stopped on the street car tracks and that the distance was so short at the time of the stop that it was impossible to avoid striking the car of appellee by the use of reasonable care and the means at hand.

Appellant's chief complaint is of the instructions given by the trial court to the jury; and their second complaint is that the verdict for $775.00 is excessive. Counsel for both plaintiff and defendant offered written instructions. These instructions were refused by the court, and instead it gave (1) an instruction telling the jury that it was the duty of the motorman in charge of the westbound car, mentioned in the evidence, to run his car at a reasonable rate of speed, to keep his car under reasonable control and keep a lookout ahead for persons and vehicles in front of the motor on his track or so near to the track as to be in danger of being struck by his car and at such places as he saw, or by the exercise of ordinary care could have seen persons or vehicles upon

the track in front of him and in danger of being struck by his car, and to give timely warning of the approach of his car by sounding his gong and exercising ordinary care to so run and operate his car as to avoid coming in collision with persons or vehicles upon the street, and if he failed to perform such duties to find for the plaintiff, otherwise to find for the defendant.

By the second instruction the jury was told the duty of the plaintiff, Frank Hartman, was to exercise ordinary care in driving his machine upon the streets to avoid coming into collision with or being struck by a street car and in slowing up his machine; his duty to signal in the rear by raising his hand horizontally so that the same could be seen by vehicles in the rear, and if the jury believed from the evidence that the plaintiff Hartman failed in such duties, or any of them, and his negligence contributed to cause or bring about the striking of his automobile by the street car and that but for his negligence the collision would not have occurred and he would not have been injured, the law of the case was for the defendant company, although the jury should believe that the motorman was negligent, as submitted in the first instruction. The next instruction was one defining "negligence." The fourth instruction was one on the measure of damages, and the fifth instruction directed the jury to find separate verdicts upon the two cases submitted to it.

Appellant earnestly insists that the court should have given an instruction offered by it which in a way states the law of the last clear chance; and we do not see any objection to this nor why the court did not give it unless it was that the second instruction, defining the rights and duties of Hartman as a driver of an aotomobile on the streets, covered the same subject, and we think said instruction did. In other words if Hartman in the operation of his automobile failed to exercise ordinary care to avoid coming in collision with or being struck by a street car, then it was the duty of the jury to find for the railroad company. It was also the duty of the railroad company, according to the second instruction, to find for the railroad if the appellee Hartman, in slowing up or stopping his machine on the street car tracks, failed to give a signal by raising his hand vertically so that the same could be seen by drivers of vehicles, including street cars in the rear. The jury was further told in the same instruction that if Hartman failed in

any of the duties set forth in that instruction, or did anything which caused or so contributed to cause to bring about the striking of his automobile by the street car and that but for his negligence the collision would not have occurred and he would not have been injured, to find for the defendant company. This was a broad and inclusive instruction and was calculated to attract the attention of the jury to every phase of the case as presented by the evidence of appellant. This instruction having been given by the court it was unnecessary to give the one offered by appellant company. The instruction given was quite as direct and concrete as the one offered by appellant, and the railroad company did not suffer by reason of the failure of the court to give instruction number 5 of which it complains.

(2) The railroad company says the verdict and judgment is excessive. The evidence shows that appellee Hartman sustained the fracture of three or more ribs and a number of bruises and especially one on his arm and some other parts of his body; that he was made nervous and was unable to work with the same skill and ability for several months after the accident that was his use before the accident; that he could not sleep soundly, and lost much flesh. The trial occurred nine months after the accident and appellee Hartman was not well at that time of the injuries received in the accident. He had the attention of more than one physician for many weeks after the accident, and these physicians testified to his injuries in such a way as to convince this court that the jury was not in error in fixing its verdict at $775.00. The verdict does not strike one at first blush as being excessive or out of proportion to the injuries received.

For the reasons indicated the judgment is affirmed. Judgment affirmed.